IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-97-24-FHS |
| | ) |
| GREGORY E. GORDON, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Motion to Modify Sentence (Docket No. 172) filed by Defendant, Gregory E. Gordon, pursuant to 18 U.S.C. § 3582(c)(2). This provision, which authorizes a court to modify a term of imprisonment under certain circumstances, provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . In the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)(emphasis added).

On October 31, 1997, pursuant to a Rule 11(e)(1)(C) plea agreement[1], Defendant was sentenced to a stipulated term of

---

[1] Fed.R.Crim.P. 11(e)(1)(C) is now Fed.R.Cr.P. 11(c)(1)(C).

1

imprisonment of 180 months for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).[2]  Relying on section 3582(c)(2), Defendant now contends he is entitled to a reduction of his 180-month stipulated sentence based on Sentencing Commission Amendment 706 to Section 2D1.1 of the Sentencing Guidelines, which, in general terms, reduces by two levels the offense level applicable to cocaine base ("crack") offenses.[3]

The record, however, establishes that section 3582 has no application herein as Defendant's stipulated sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  In this case, the Court did not apply the Sentencing Guidelines when sentencing Defendant.  Rather, as reflected in the change of plea and sentencing transcripts, the Presentence Report, and the Judgment and Sentence entered herein, Defendant's 180-month sentence was agreed to by the parties, and imposed by the Court, pursuant to a valid Fed.R.Crim.P. 11(e)(1)(C) plea agreement.  Consequently, Defendant's reliance on 18 U.S.C. § 3582(c)(2) is misplaced and it is appropriate to dismiss Defendant's motion without consideration of the merits of Defendant's arguments regarding the effect of

---

[2]  In the Presentence Report, the Probation Office calculated Defendant's sentencing range as 188 to 235 months under the United States Sentencing Guidelines ("Sentencing Guidelines").  Thus, as recognized in the Presentence Report, the Rule 11(e)(1)(C) plea agreement with the stipulated term of 180 months "represents an 8-month departure from the minimum term of the applicable guideline range." Presentence Report, ¶ 81.

[3]  On December 11, 2007, the Sentencing Commission approved Amendment 706 and made it retroactive to crack offenses, with a date of March 3, 2008, as the date it could be applied retroactively.

Amendment 706.[4]  United States v. Trujeque, 100 F.3d 869, 870-71 (10th Cir. 1996)(defendant cannot seek reduction of sentence under section 3582(c)(2) where stipulated sentence was imposed pursuant to a Rule 11(e)(1)(C) plea agreement).

Based on the foregoing reasons, Defendant's Motion to Modify Sentence (Docket No. 172) is denied.

It is so ordered this 31st day of March, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[4]  Moreover, even if no Rule 11(e)(1)(C) sentence had been imposed, Amendment 706 would still not be applicable as Defendant's guideline range was driven by the career offender guidelines under Section 4B1.1 of the Sentencing Guidelines and not pursuant to Section 2D1.1.  Thus, Defendant's guideline range of 188-235 months under the career offender guidelines is not affected by Amendment 706.  See United States v. Turner, 2008 WL 276581 (W.D.Ark.).